**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 1:26-cv-26793**

CHRISTIAN KOLM COSMETICS INC.,

Plaintiff,

vs.

CITIBANK, N.A.,

Defendant.

**DEFENDANT CITIBANK, N.A.'S NOTICE OF REMOVAL**

TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant Citibank, N.A. ("Citibank") hereby removes the state court action styled as *Christian Kolm Cosmetics Inc. v. Citibank, N.A.*, Case No. 2026-017247-CA-01, filed in the 11th Judicial Circuit Court in and for Miami-Dade County, Florida (the "**State Court Action**"), to the United States District Court for the Southern District of Florida. Removal is proper pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. This removal is made with full reservation of rights, exceptions, and defenses. As grounds for this removal, Citibank states as follows:

## I. FACTUAL AND PROCEDURAL BACKGROUND

1. On August 24, 2026, Plaintiff Christian Kolm Cosmetics Inc. ("Plaintiff"), a Florida corporation, commenced this action by filing its complaint (the "Complaint") against Citibank in the 11th Judicial Circuit in and for Miami-Dade County, Florida. *See generally*, **Exhibit A**.

2. Plaintiff effectuated service of the Complaint on Citibank on August 31, 2026. *See* **Exhibit B** at D.E. 10.

3. According to the Complaint, Plaintiff maintains a bank account with Citibank. Ex. A ¶ 6.

4. Plaintiff claims that on or about February 10, 2025, it was the victim of a series of unauthorized and fraudulent wire transactions that totaled over $149,053.99. *Id.* ¶ 6.

5. Plaintiff alleges that Citibank has "refused to reimburse Plaintiff for [the] unauthorized fraudulent wire transfers." *Id* ¶ 7.

6. Plaintiff alleges that Citibank violated "the agreements by and between Plaintiff and Defendant regarding the authorization of wire transfers," as well as Chapter 670, Florida Statutes (Chapter 4A of the Uniform Commercial Code) "by violating the reasonable securities [sic] procedures." *Id.* ¶¶ 10-11.

7. As such, Plaintiff brings claims against Citibank for damages, fees, costs, and pre- and post-judgment interest. *Id.* ¶ 12.

8. Plaintiff alleges that it is a Florida corporation. *Id.* ¶ 2. As set forth below, Plaintiff is a citizen of Florida.

9. Citibank is a national bank and a citizen of South Dakota.

10. Plaintiff seeks damages in excess of $149,000. *Id.* ¶ 6.

11. Accordingly, this matter is removable based on the complete diversity of citizenship of the parties and an amount in controversy of over $75,000, exclusive of interest, attorney's fees, and costs.

12. Citibank has not yet responded to the Complaint, and reserves all defenses and objections to this action, intending no waiver by this removal.

## II. REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION

13. Pursuant to 28 U.S.C. § 1332(a), "[t]he district court shall have original jurisdiction

of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States."

14. The State Court Action is subject to removal pursuant to 28 U.S.C. §§ 1332(a) and 1441(a) because, at this time, this Court has original jurisdiction based upon a complete diversity of citizenship of the parties and because the amount in controversy exceeds $75,000, exclusive of interest and costs. *See Thomason v. Deutsche Bank Nat'l Trust Co.*, 2022 U.S. App. LEXIS 26089, at *2 (11th Cir. 2022) (case properly removed based on diversity); *see also AAA Abachman Enters. V. Stanley Steemer Int'l, Inc.*, 268 Fed. Appx. 864, 866 (11th Cir. 2008) (same).

**(a) <u>The Parties Are Completely Diverse</u>**

**(i) Citizenship of Plaintiff**

15. For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . ." 28 U.S.C. 1332(c)(1); *see also Annon Consulting, Inc. v. Bionitrogen Holdings Corp.*, 650 F. App'x 729, 731 (11th Cir. 2016).

16. Here, Plaintiff's admitted Florida incorporation is evidence of its Florida citizenship. Plaintiff alleges that it is a Florida corporation with an office located in Miami-Dade County, Florida. Ex. A ¶ 2.

17. Furthermore, consistent with its allegations, Florida's Secretary of State records reflect that Plaintiff has identified its current principal place of business as 98701 Overseas HWY, Key Largo, Florida 33037. *See* **Exhibit C**. Based upon the allegations of the Complaint and this record, Plaintiff's principal place of business is Florida.

18. Thus, Plaintiff is a citizen of Florida for purposes of diversity jurisdiction.

**(ii) Citizenship of Citibank**

19. For diversity purposes, a national bank, like Citibank, is deemed a citizen of the State in which its main office is located. *See Wachovia Bank, Nat'l Association v. Schmidt, et al.*, 546 U.S. 303 (2006) (citing 28 U.S.C. § 1348).

20. Citibank is, and at all pertinent times was, a federally chartered national bank with South Dakota designated in its articles of association as its head office.

21. Thus, for purposes of diversity jurisdiction in this matter, Citibank is a citizen of South Dakota.

22. As such, the parties are completely diverse.

**(b) The Threshold Amount in Controversy Is Met**

23. The amount in controversy here exceeds $75,000.00, as required by 28 USC § 1332(a).

24. Here, Plaintiff alleges damages in excess of $149,000, which clearly exceeds the $75,000 jurisdictional threshold. Ex. A ¶ 6.

25. These representations taken from the Complaint sufficiently and conclusively establish by a preponderance of the evidence that the amount in controversy far exceeds the requisite $75,000.00 jurisdictional minimum for this Court to retain jurisdiction.

26. Accordingly, Citibank has shown that the amount in controversy exceeds the jurisdictional minimum, rendering removal proper.

## III. REMOVAL IS TIMELY AND VENUE IS PROPER

27. In accordance with 28 U.S.C. § 1446(b)(1), Citibank files this Notice of Removal within thirty days of service of Plaintiff's Complaint. The thirty-day period commenced on August

31, 2026, when Plaintiff served its Complaint on Citibank. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999).

28. Venue is proper in the United States District Court for the Southern District of Florida because the State Court Action was pending in the 11th Judicial Circuit Court in and for Miami Dade County, Florida.

## IV. ALL OTHER PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET

29. Pursuant to 28 U.S.C. § 1446(a), Citibank attaches hereto and makes a part of this Notice of Removal a copy of the process, pleadings, and other papers filed in the 11th Judicial Circuit Court in and for Miami Dade County, Florida, together with a docket sheet from the Clerk of the Court. *See generally* **Exhibit B**.

30. Pursuant to 28 U.S.C. § 1446(d), Citibank will promptly serve Plaintiff with a copy of this Notice of Removal and also file a copy of this Notice of Removal in the State Court Action.

31. This removal is being signed pursuant to Federal Rule of Civil Procedure 11. *See* 28 U.S.C. § 1446(a).

## CONCLUSION

This action is removable pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because the parties are completely diverse, the amount in controversy exceeds $75,000.00, exclusive of interest, fees, and costs, and removal is timely.

Dated: September 29, 2026

Respectfully submitted,

By: /s/ *Ana M. Barton*

Edward M. Mullins, Esq.
FL Bar No. 863920
emullins@reedsmith.com
Ana M. Barton, Esq.
FL Bar No. 85721
abarton@reedsmith.com
**REED SMITH LLP**
200 South Biscayne Boulevard, Floor 26

Miami, FL 33131
Telephone (786)747-0200
*Counsel for Defendant Citibank, N.A.*